UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABDIRAHMAN AHMED HASSAN,<br><br>Defendant. | Case No. CR22-055-RSL<br><br>ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant Abdirahman Hassan's "Motion for Early Termination of Supervised Release" (Dkt. # 3). Having considered the submissions of the parties and the remainder of the record, the Court finds as follows:

On September 19, 2019, a jury convicted defendant of (i) eighteen counts of wire fraud, in violation of 18 U.S.C. § 1343, (ii) one count of Supplemental Nutrition Assistance Program fraud, in violation of 7 U.S.C. § 2024(b), and (iii) one count of theft of government property, in violation of 18 U.S.C. § 641. Dkt. # 2-1 at 1-2. On January 10, 2020, the U.S. District Court for the Eastern District of Washington sentenced defendant to eight months of imprisonment, three years of supervised release, and restitution in the amount of $13,000. Id. at 3-4, 7. Defendant started his term of supervised release on October 16, 2020, and it is set to expire on October 15, 2023. Dkt. # 1. As of March 15, 2022, defendant's restitution obligation has been paid in full. Dkt. # 4 at 1. This Court accepted jurisdiction over defendant on April 19, 2022. Dkt. # 1.

The Court may "after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . terminate a term of supervised release and discharge the defendant released at any time after the

ORDER GRANTING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 1

expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e).  The Court enjoys "discretion to consider a wide range of circumstances when determining whether to grant early termination."  United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (citing United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999)).

The Court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and concludes that termination of defendant's term of supervised release is appropriate.  Defendant's U.S. Probation Officer endorses early termination of defendant's term of supervised release, Dkt. # 4, and the government does not oppose his motion.  Defendant appears to be a low risk to the community.  He had no prior criminal history and has incurred no violations while on supervised release.  Id.  Termination of supervised release will remove a barrier to employment, which will aid him in supporting his family.  Dkt. # 3 at 2.  Termination of defendant's term of supervised release is therefore warranted by the conduct of defendant and the interest of justice. See 18 U.S.C. § 3583(e)(1).  The Court wishes defendant and his family well.

Accordingly, defendant's request for early termination of supervised release (Dkt. # 3) is GRANTED.

IT IS SO ORDERED.

DATED this 13th day of May, 2022.

*[signature]*
Robert S. Lasnik
United States District Judge